IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA *EX REL.* MICHAEL RAY PERRY, | )<br>)<br>) |
| Plaintiff, | ) No. 6:08-cv-6307-HO<br>)<br>) ORDER |
| vs. | )<br>) |
| HOOKER CREEK ASPHALT & PAVING, LLC, OREGON MAINLINE PAVING, LLC, WILDISH STANDARD PAVING CO.; HAMILTON CONSTRUCTION CO., J.C. COMPTON CONTRACTOR, INC., HAP TAYLOR & SONS, INC., KNIFE RIVER CORP., and CENTRAL OREGON REDI-MIX, LLC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

In this *qui tam* action brought by relator Michael Perry for defendants' alleged violations of the United States False Claims Act (FCA), Perry alleges that defendants consistently and systematically falsified the character and quality of materials

ORDER - page 1

used in the construction of federally-funded highways.

Relator filed his initial complaint under seal on October 3, 2008. The complaint remained under seal while the United States investigated the allegations in the complaint to determine whether it would intervene. After the United States declined to intervene, the court ordered the complaint unsealed on January 21, 2010, and required relator to serve defendants. After several extensions of time to accomplish service, relator served defendants in December of 2010.

On March 4, 2011, defendants moved to dismiss. Relator responded by seeking leave to amend the complaint and the court denied the first round of motions to dismiss on April 27, 2011. Plaintiff filed an amended complaint on April 30, 2011.

On June 13, 2011, defendants again moved to dismiss. After several extensions to brief the motions, the court heard argument on November 15, 2011. The court granted the motions to dismiss on December 13, 2011, but allowed relator 30 days to file an amended complaint curing noted deficiencies.

Relator filed a second amended complaint on January 17, 2012, and a corrected second amended complaint on February 3, 2012. Defendants again move to dismiss.[1]

---

[1] The court incorporates its previous legal findings and the background information in its order dated December 13, 2012, (#122) granting the last round of motions to dismiss with respect to the current motions to dismiss.

ORDER - page 2

In granting the previous motion to dismiss, the court noted that the applicable provisions of the FCA require either a lack of public disclosure or that relator have direct and independent knowledge of the information on which the allegations are based that he voluntarily provided to the Government before filing, in order for the court to have jurisdiction. Order dated December 13, 2012 (#122) at p. 11; See 31 U.S.C. § 3730(e)(4)(A) and (B) (2006). Relator previously alleged a public disclosure by him, requiring further detail as to the original source allegations. In the second amended complaint, relator again alleges "no public disclosure," but again also alleges that he is an original source. Second Amended Complaint (#126) at ¶¶ 5-6. The court specifically noted,

> the complaint is deficient with regard to allegations of subject matter jurisdiction because it must include additional detail regarding the original source assertion. The issue needs to be pleaded because if there has been a public disclosure, timing and the content of the alleged disclosure by relator will be significant. [footnote omitted] The motion to dismiss is granted, without prejudice to amend, on this basis.

Order (#122) at p. 11-12. Relator now alleges that

> Relator had direct and independent knowledge of information important to disclosure of several instances of fraudulent conduct and false statements in connection with defendants' contract compliance. Prior to the initiation of this qui tam action in October 2008, relator voluntarily disclosed his information to state and federal officials, including superiors at Oregon Department of Transportation (ODOT) throughout his employment; (now deceased) state legislator Ben Westlund beginning in December 2005; the Fraud Division of the Oregon Secretary of State beginning in January 2006; the Federal Bureau of Investigation beginning in March of

ORDER - page 3

> 2007; and the Department of Justice in February of 2005 and on dates subsequent to January, 2008.

Second Amended Complaint (#126) at ¶6. While this might be sufficient for jurisdictional purposes, the second amended complaint contradicts the allegation in that relator further alleges that he

> ... does not have access to the information, records and practices underlying defendants' bills for work performed and materials provided relating to road construction and maintenance contracts at issue in this lawsuit. Such information is in the exclusive possession or control of defendants and/or the United States.
>
> Each allegation herein is made upon information and belief and identifies a fact regarding which Relator has, based upon his personal knowledge and experience working for ODOT for 25 years, a reasoned basis to allege, but lacks complete detail.

Second Amended Complaint (#126) at ¶¶ 49-50.

In a nutshell, these allegations demonstrate that plaintiff cannot plead the fraud allegations with particularity and that any further leave to amend would be futile.[2] As previously noted,

> the allegations regarding the fraudulent conduct is

---

[2] Relator confirms an inability to conform to Fed. R. Civ. P. 9 and that this case is merely a fishing expedition in his response to the motions to dismiss wherein he states: "While Relator has a good faith basis to allege systemic wrongdoing by defendants in violation of the Act, he need not personally know all the evidence supporting the claim before discovery. And, indeed, in the event that discovery shows that some contract work was not subject to systemic false claims, realtor may amend the complaint.... So long as Relator satisfies pleading requirements ... [p]roof as to the breadth of defendants' scheme-whether it impacted some or all of its work on FAHP contracts-should await discovery." Response (#134) at p. 5, n. 2.

ORDER - page 4

woefully lacking in detail. Relator generally alleges that defendants submitted bills for highway construction work and materials in violation of specifications for quality assurance. However, relator fails to allege who committed the alleged misconduct (other then the defendant companies generally), what invoices contained false statements or even the specific false statements themselves. There are no allegations of when the allegedly deficient work was done (or not done), or when false records or statements were made. Other than a general location for the contract itself, relator fails to allege where the specific defective construction took place. Indeed, relator alleges that he does not have access to records underlying defendants billings for work performed.

Lack of knowledge of the billings is not grounds for relieving relator from Rule 9's particularity requirement. See Ebeid ex rel United States, 616 F.3d at 999 (it is not appropriate to jettison the particularity requirement simply because it would facilitate a claim by an outsider especially because the False Claims Act is geared primarily to encourage insiders to disclose information necessary to prevent fraud on the government). In addition, even under circumstances of cookie cutter fraud [when] a relator may be able to avoid pleading all facts supporting each and every instance of fraudulent billing, Rule 9 still requires a relator to plead the fraud with some level of specificity. Id.

In this case, the allegations go beyond cookie cutter fraud that merely asserts repeated substantially similar fraudulent billing practices. The amended complaint suggests a wide variety of misrepresentations and fraudulent conduct regarding quality control and to simply allege vague "examples" is insufficient to apprise defendants of the particular conduct constituting fraud to permit a defense. The motion to dismiss is granted because the complaint utterly fails to state with particularity the circumstances constituting fraud including the who, what, when, where, and how of the misconduct. See Id. at 998. Defendants are not only left in the dark regarding what specific conduct allegedly constitutes fraud, but also cannot determine if specific tests, etc., that may have been non-conforming with various quality control standards were nonetheless non-fraudulent because of, for instance, a change order or reduced payments. This is precisely why the federal rules require particularity.

ORDER - page 5

Order (#122) at pp. 13-14.

In response to the order, relator adds few specifics to his "examples," and now challenges virtually every claim/bill/request for payment by defendants for every project over a ten year plus period. See Second Amended Complaint at ¶¶ 51-55 (Since at least 2000, on a regular basis, defendants made claims, representations, certifications and reports regarding the quality of work performed and materials provided and submitted bills containing false and fraudulent claims in order to obtain funds). Specifically relator alleges

> On each of the projects, at each location and throughout the time period on which defendants have claimed to work on federal projects, defendants ... knowingly, consistently and systematically billed for work and materials that did not meet standards and specifications, and knowingly received payment in violation of laws and regulations required as a condition of payment. Defendants, and each of them, knowingly, consistently and systematically made false implied and express certifications as to the character and quality of the materials provided on their projects, and they each knowingly made false records or otherwise engaged in fraudulent conduct to cause FHWA to pay false claims to ODOT on its contacts.

Second Amended Complaint at ¶ 53.

The court previously directed relator to include in the second amended complaint

> the "who, what, when, where, and how" to support each element of the alleged False Claims Act violations with regard to each false claim supposedly made by each defendant as well as the conduct alleged to be fraudulent. In addition, the amended complaint should include specific facts regarding the intention of

ORDER - page 6

> defendants in making alleged false statements as well as the materiality of the false statements or conduct. Finally, the amended complaint should include specific facts regarding the request for payment and to whom such requests were made.

Order (#122) at pp. 19-20. But relator still tries to equate general allegations of substandard work to an FCA claim. The complaint has gone from not just lacking in detail to alleging virtually everything defendants have ever done is fraudulent, or so discovery will apparently show. See Response (#134) at p. 5, n. 2. ("Proof as to the breadth of defendants' scheme-whether it impacted some or all of its work on FAHP contracts-should await discovery."). Relator's allegations are still woefully inadequate. See Ebeid ex rel. U.S. v. Lungwitz, 616 F.3d 993, 1000 (9th Cir. 2010) (a global indictment of a defendant's business is not enough).

Moreover, even though the court determined that the claims in this case were not amenable to representative example type pleading, relator chose again to rely on such form of pleading. However, even the examples provided lack the necessary detail to allege the FCA claims with particularity. See Second Amended Complaint at ¶¶ 57-83. Of course, given realtor's concession that he does not have access to the information the billing, records and practices underlying defendant's billing for work performed and materials provided relating to the road construction at issue, this comes as no surprise. See Second Amended Complaint at ¶ 49.

ORDER - page 7

The representative examples merely provide general time frames of the contracts themselves, the general work to be performed, that billing occurred in violation of generalized specifications at some location within the areas referenced in the contract and occasionally names a superintendent for the project, project manager, contractor technicians, or an Oregon Department of Transportation inspector. The second amended complaint still does not connect any person to the alleged fraudulent conduct, or state when and where the conduct occurred (other the general area of the contract and the contract time frame). There are no facts concerning the alleged false vouchers and cost schedules caused to be presented to the federal government or when and by whom they were submitted. It is simply not plausible that all defendants submitted falsified billings for all projects for all work for the Oregon Department of Transportation over a ten year period.

Furthermore, because there are insufficient allegations of the billings themselves, the complaint fails to allege with the requisite specificity defendants' intent vis-a-vis the federal government, what information was presented to the federal government (or even the Oregon Department of Transportation for that matter), or what role the information provided in the federal government's decision to pay (or even what if anything the government paid). There are no allegations of facts about what was contained in the claims for payment, whether the claims were paid

with or without adjustment, and whether the federal government viewed payment as contingent on the absence of the alleged deficient testing or materials. Mere conclusory allegations that the elements of the statutes in question are met are inadequate to meet the pleading requirements in this case. Accordingly, the complaint is dismissed.

The court has provided clear direction as to what should be included in the second amended complaint. Relator asks that in the event the court finds the second amended complaint to be lacking, the court should consider granting leave to amend. However, as noted above, leave to amend would be futile given relator's concessions that he lacks the information necessary to plead his claims with particularity. In addition, relator has now had three attempts at amending the complaint with the benefit of two separate rounds of motions to dismiss to highlight the deficiencies in his complaint.

Leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied where there are repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to defendants, and futility. <u>Leadsinger, Inc. v. BMG Music Publ'g</u>, 512 F.3d 522, 532 (9th Cir. 2008). Given the clear direction and ample notice as to the deficiencies in pleading the FCA claims in this case, the persistence of the deficiencies, and the futility of further amendment given relator's

professed lack of knowledge of the specifics of the alleged fraudulent billings in this case, it is clear that plaintiff cannot plead a set of facts sufficient to plead an FCA claim. Accordingly, the complaint is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss (#s 124, 128, and 130) are granted and defendant Knife River Corp.'s motion to dismiss (#132) is granted to the extent it has not been withdrawn. This action is dismissed.

DATED this 16th day of March, 2012.

Michael C. Hogan
United States District Judge