IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE UNITED STATES OF AMERICA, ex rel., MICHAEL RAY PERRY,

   Plaintiffs,

 v.

HOOKER CREEK ASPHALT & PAVING, LLC, et al.,

   Defendants.

Case. No. 6:08-cv-6307-MC

ORDER

 After the court granted defendants' motions to dismiss, defendants now move for an award of fees (ECF No. 249 & 253) and costs (ECF No. 251, 254-2, & 255). Relator Michael Perry opposes the motions.

 Prevailing parties, like defendants here, are generally entitled to an award of costs under 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d)(1). I find Perry has not overcome the presumption in favor of an award of costs and that awarding costs here would not chill future relators from bringing False Claims Act cases in the future.

 I note defendants Mainline Paving, LLC and J.C. Compton Contractor, Inc. failed to provide sufficient specificity in its declaration for certain requests. For example, exhibit 2 seeks to recover $4.23 & $2.92 for "Operator-Assisted Conference Call," $52.50, $135.00, and $11.00

1—Opinion and Order

for "On-line Analysis," $2.20 for "Search Fees," $77.93 for "Meeting Expense," and $243.00 for "Correct misapplication of payment." ECF No. 254-2. None of these appear to be recoverable under 28 U.S.C. § 1920. Copying fees, however, are recoverable. § 1920(4). I award Mainline Paving and J.C. Compton copying fees of $154.20, $14.75, $1.60, $14.25, and $23.00 for a total of $207.80.

Hooker Creek seeks $3,798.45 in copying costs and $600 in *pro hac vice* fees. ECF No. 255, 4. Perry objects generally but, as explained in Hooker Creek's reply, the copying costs are reasonable due to the vast number of documents referenced in Perry's complaint. The District lists *pro hac vice* fees of $300 on its "schedule of fees" found on the court's web page. [file://ord.local/shares/home/dsvelund/Downloads/Court%20Fee%20Schedule%20(1).pdf](file://ord.local/shares/home/dsvelund/Downloads/Court%20Fee%20Schedule%20(1).pdf) (last visited March 26, 2018). I conclude those fees are "fees of the clerk" under § 1920(a). Hooker Creek filed the affidavits required under 28 U.S.C. § 1924 verifying the costs were reasonable and necessary in support of its motion to dismiss. ECF No. 255, 2. I award Hooker Creek costs in the amount of $4,398.45.

Knife River seeks $9,667.09 in copying costs. ECF No. 251. Knife River submitted a declaration stating the copies were all necessarily incurred to defend Perry's claims of fraud. ECF No. 252 & 269. Knife River obtained over 27,000 documents from the Oregon Department of Transportation related to Perry's claims. ECF No. 269, ¶¶ 4-5. I award Knife River $9,667.09 in costs.

Several defendants also move for an award of attorney's fees. Knife River seeks fees and expenses of $390,634.54 incurred after the Ninth Circuit order remanding the action. ECF No. 249. Oregon Mainline and J.C. Compton move for attorney's fees of $85,566.50. ECF No. 253. Knife River and Oregon Mainline argue fees are warranted because Perry's claims were

2—Opinion and Order

frivolous. First, the court is unaware of Perry's arguments to the Ninth Circuit either at oral argument or in the (successful) motion to reconsider the original order affirming Judge Hogan's dismissal with prejudice. Over a dissent, the Ninth Circuit remanded this matter for Perry to take one more bite at the apple. Having heard Perry's earlier arguments, the Ninth Circuit is better suited to determine if the third amended complaint was a reasonable interpretation of the order remanding given Perry's arguments above.

Second, despite defendants' argument that Perry's claims were clearly frivolous, both defendants attended multiple mediation sessions after the Ninth Circuit's remand. Much of the documented fees were incurred in prepping for the mediation sessions before the filing of the third amended complaint. If defendants believed this action was frivolous, they could have simply moved to dismiss the third amended complaint. I recall suggesting as much on July 9, 2014, in the first phone hearing following remand. Only after two status reports where all the parties requested the court assist with mediation did the court refer this matter to Judge Simon. The parties then spent the next 18 months preparing for, and meeting with, Judge Simon over two mediation sessions spread out over 2015.

Defendants' billing records reveal substantial hours spent between the remand and the filing of the third amended complaint nearly two years later. Knife River submitted 46 pages of billing records for fees incurred between June 6, 2014 and May 8, 2017. ECF No. 250-1. Over 35 of those pages detail fees incurred before Perry even filed the third amended complaint. Half of Oregon Mainline's 22 page fee petition covers the time period before the filing of the third amended complaint. ECF No. 254-1. I have never ordered an unwilling party to mediation. Defendants were free to simply move against the third amended complaint at any time. Having unsuccessfully engaged in multiple rounds of mediation over approximately 18 months,

defendants cannot now argue that this matter was clearly frivolous and they should be awarded all fees incurred, including tens of thousands of dollars incurred during the voluntary mediation process.

Defendants' motions for attorney's fees, ECF No. 249 & 253, are DENIED. I award Knife River $9,667.09 in costs, Mainline Paving and J.C. Compton $207.80 in costs, and Hooker Creek $4,398.45 in costs.

IT IS SO ORDERED.

DATED this 27th day of March, 2018.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge